Case 4:22-cv-02859   Document 33   Filed on 07/27/23 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, | § § § § | |
| *Plaintiff,* | § § | No. 4:22-CV-02859 |
| v. | § § | |
| Knife River Corporation South, | § § | |
| *Defendant.* | § § § | |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

This case arises from an insurance coverage dispute involving Plaintiff Phoenix Insurance Company's ("Phoenix") duty to defend and indemnify Defendant Knife River Corporation South ("Knife River").[1] Pending before the Court is Knife River's motion for judgment on the pleadings, ECF No. 13, Phoenix's motion for summary judgment, ECF No. 15, and Knife River's cross motion for partial summary judgment, ECF No. 20.

The issue before the Court is whether Phoenix owes Knife River a duty to defend under Phoenix's insurance policy with Knife River's subcontractor Pavement

---

[1] The district judge to whom this case is assigned referred this matter for all pretrial purposes pursuant to 28 U.S.C. § 636. Order, ECF No. 25. A motion for summary judgment is dispositive and therefore is appropriate for a report and recommendation. 28 U.S.C. § 636 (b)(1)(A).

1

Marking, Inc. ("PMI").[2] In its motion for summary judgment, Phoenix contends that certain indemnity provisions in Knife River's subcontract with PMI violate the Texas Anti-Indemnity Act and, as a result, the indemnity and insurance sections of the subcontract are void. ECF No. 15 at 8. If those provisions are void, Phoenix contends that it does not owe a duty to defend in an underlying lawsuit for personal injury damages that was pending against Knife River and PMI in Texas state court. In its motion for judgment and cross-motion for summary judgment, Knife River argues under the eight corner's rule, the court can only consider the insurance contract and the complaint in the underlying lawsuit to determine whether there is a duty to defend. Therefore, Knife River asserts that its subcontract with PMI cannot be considered to determine coverage. In addition, Knife River argues that the provisions do not violate the Texas Anti-Indemnity Act, and, even if they did, it would not void the indemnity and insurance sections of the subcontract in their entirety. Accordingly, Knife River claims Phoenix owes it a duty to defend as an additional insured under the policy issued to PMI.

After thoroughly considering the briefing,[3] the evidence, and the applicable law, the Court concludes that Knife River is an additional insured under the Phoenix policy issued to PMI and the underlying suit falls within the coverage provided.

---

[2] Policy, ECF No. 15-1.
[3] Phoenix filed a response to Knife River's cross motion for summary judgment. ECF No. 23.

Further, the state court personal injury suit triggered Phoenix's duty to defend Knife River. Therefore, Knife River is entitled to partial summary judgment as a matter of law and Phoenix's motion for summary judgment should be denied. Further, Knife River's motion for judgment on the pleadings should be denied as moot.

I. **FACTUAL BACKGROUND**

Knife River is the general contractor on a highway construction project with the Texas Department of Transportation ("TxDOT"). Letter from McKinney to McGoldrick at 6, ECF No. 15-4. On June 25, 2018, PMI entered into a subcontract agreement with Knife River to provide roadway striping services (the "subcontract"). ECF No 20 at 12. PMI agreed that the work specifications in the TxDOT contract would be binding on it. Subcontract at 27, ECF No. 15-4. The subcontract required PMI to obtain insurance "naming [Knife River] as an additional insured." *Id*. at 37. The subcontract also contained an indemnification provision. *Id*. at 38. PMI obtained an insurance policy from Phoenix covering May 1, 2019 through May 1, 2020 (the "policy"). Policy at 3, ECF No. 15-1. The policy provided that any "person or organization" with whom PMI "agree[d] in a written contract or agreement to include as additional insured . . . is an insured." *Id*. at 108.

On July 28, 2019, Thomas Henry was in a one car accident on the stretch of road subject to the subcontract. He died from his injuries sustained in the accident. On June 17, 2020, the heirs to the estate of Mr. Henry filed an action against Knife

River claiming that its negligence caused his death (the "Henry Suit"). Original Petition at 2-8, ECF No. 15-2. The petition in the Henry Suit was subsequently amended, adding PMI as a defendant, and alleging that PMI was liable for Mr. Henry's death. Fifth Amended Petition at 2-16, ECF No. 20-7.

On July 29, 2021, Knife River tendered the Henry Suit to Phoenix for defense and indemnity pursuant to the subcontract and the policy. Letter from McGoldrick to McKinney, ECF No. 20-5. On September 20, 2021, Phoenix informed Knife River that it was not an additional insured under the policy because provisions in the subcontract's indemnity section violated the Texas Anti-Indemnity Act and denied coverage or a duty to defend. Letter from Darensburg to McGoldrick at 59, ECF No. 23-4. Consequently, Phoenix filed the instant suit seeking a declaratory judgment that it owed no defense or indemnity to Knife River and a determination as to the rights and obligations of the parties under the policy. Compl., ECF No. 1; Am. Compl., ECF No. 18.

## II. THE STANDARD FOR MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS.

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the

4

nonmoving party.'" *Zavala v. Texas Lehigh Cement Co., LP*, No. 1:21-CV-00082-DAE, 2022 WL 18046467, at *2 (W.D. Tex. Oct. 12, 2022) (quoting *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018)). A fact is material "if and only if proof of its existence might affect the outcome of the case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)). When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in its favor. *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 814 (S.D. Tex. 2020).

The Court "may not make credibility determinations or weigh the evidence"

in ruling on a summary-judgment motion. *Id*. (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). "Summary judgment cannot be defeated through '[conclusory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)). Rather, the non-movant must demonstrate specific facts identifying a genuine issue to be tried to avoid summary judgment. FED. R. CIV. P. 56(e). "Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Tri Invs., Inc. v. United Fire & Cas. Co.*, 553 F. Supp. 3d 400, 404 (S.D. Tex. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### III. PHOENIX'S EVIDENTIARY OBJECTIONS ARE OVERRULED.

As a preliminary matter, the Court must consider Phoenix's objections to Knife River's summary judgment evidence. Phoenix objects to exhibits A through G attached to Knife River's cross motion for summary judgment as inadmissible hearsay and exhibits C, D, F and G because they are not properly certified public

6

records. ECF No. 23 at 6.

Phoenix's hearsay objections to exhibits A through G are conclusory and lack specificity. Phoenix's explanation for these objections is limited to identifying the hearsay rule the evidence allegedly fails to satisfy. This is not sufficient. "Objections lacking specificity do not satisfy the requirements of Rule 103." *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 526 (N.D. Tex. 2022*)*. "'A loosely formulated and imprecise objection will not preserve error. Rather, a trial court judge must be fully apprised of the grounds of an objection.'" *Id*. (quoting *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998)); *see also In re Slamdunk Enterprises, Inc.*, No. 17-60566, 2021 WL 389081, at *24 (Bankr. E.D. Tex. Jan. 29, 2021) ("Where a hearsay objection is conclusory and scant at best, such objection is not properly made and should be summarily overruled."). Therefore, these objections are overruled. Phoenix also objected to Knife River's exhibit A, which is the subcontract, because there is no affidavit establishing that it is a business record of a regularly conducted activity. ECF No. 23 at 6. However, Phoenix submitted the same document as an exhibit to its motion for summary judgment, Subcontract at 24, ECF No. 15-4, thereby waiving any objection. *Michael Kors, L.L.C v. Hernandez Int'l Inc.*, No. 4:15-CV-0844, 2016 WL 6306129, at *7 (S.D. Tex. Oct. 27, 2016) (overruling objection where party relied on same document it objected to); *In re Kline*, 424 B.R. 516, 520 n.4 (Bankr. D.N.M. 2010) (overruling objections where

party submitted same documents in support of plaintiff's own motion for summary judgment). In any case, "a contract is not hearsay because it has independent legal significance." *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 386 (S.D. Tex. 2011).

Regarding Phoenix's authentication objections, "at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form." *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (citing *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017)) (citation omitted). Although Phoenix is correct that exhibits C, D, F and G are not properly authenticated, it makes no argument that those documents "are not true and correct copies or that they are otherwise untrustworthy." *Coronado v. Ainsworth Transportation, Inc.*, No. C-09-CV-110, 2010 WL 11679515, at *10 (S.D. Tex. Apr. 15, 2010) (overruling authentication objections to parties' summary judgment evidence).

Accordingly, the objections are overruled.

## IV. PHOENIX OWES KNIFE RIVER A DUTY TO DEFEND.

Knife River contends that it is an additional insured under the policy and Phoenix has a duty to defend it in the Henry Suit. ECF No. 20 at 18. Phoenix asserts that Knife River is not an additional insured because the subcontract's insurance and indemnity provisions are void for violating the Texas Anti-Indemnity Act. ECF No. 15 at 14-17. The two issues before the Court are (1) whether Knife River is an

additional insured under the policy, and (2) if so, whether the Henry Suit triggered Phoenix's duty to defend Knife River. As explained below, the Court answers in both issues in the affirmative.

### A. The Duty To Defend.

Liability insurance policies impose two obligations on an insurer: a "duty to defend" and a "duty to indemnify." *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). These obligations are "distinct and separate duties." *Bitco Gen. Ins. Corp. v. Monroe Guar. Ins. Co.*, 31 F.4th 325, 329 (5th Cir. 2022) (quoting *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997)). The duty to defend is an insurer's obligation to provide a legal defense in "any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent." *D.R. Horton-Texas*, 300 S.W.3d at 743. "It is triggered at the outset of the policyholder's underlying litigation . . . and may be triggered where an insurer has no duty to indemnify." *Bitco*, 31 F.4th at 329.

### B. Knife River Is An Additional Insured Under The Policy.

The first issue is whether Knife River is an additional insured under the policy issued to PMI. According to the policy, any "person or organization" with whom PMI "agree[d] in a written contract or agreement to include as additional insured . . . is an insured." Policy at 108, ECF No. 15-1. The subcontract required PMI to obtain

9

insurance "naming [Knife River] as an additional insured." Subcontract at 37, ECF No. 15-4. Therefore, according to the policy terms, Knife River is an additional insured under the policy.

However, Phoenix argues that Knife River is not an additional insured because the subcontract's indemnity and insurance provisions are void as they violate the Texas Anti-Indemnity Act. ECF No. 15 at 14-17.[4] Phoenix cites to no cases where a court reached the result it seeks here. Nor can it. The Fifth Circuit has repeatedly ruled that "a party may qualify as an additional insured even if the 'insured contract' is not enforceable." *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 446 (5th Cir. 2018) (quoting *Gilbane Bldg. Co. v. Admiral*

---

[4] The subcontract indemnity provision provides: **Section 12.1 General Indemnification.** To the fullest extent permitted by law, Subcontractor shall release, indemnify, and hold harmless Owner and Contractor – including Owner's and Contractor's officers, employees, affiliates, agents, representatives – from and against any and all claims, causes of action, damages, attorney's fees, losses, or expenses ("Claims") for any and all property damage or personal injuries arising from Subcontractor's obligations under this Subcontract, provided that such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease, or death, or to injury to or destruction of tangible property (other than the work to be performed under this Subcontract), but only to the extent caused by the negligent acts or omissions of Subcontractor or anyone directly or indirectly employed by Subcontractor or anyone for whose acts Subcontractor may be liable.

(a) It is the express intent of the Parties that Subcontractor's indemnity obligations shall include Claims based in negligence, whether caused or alleged to be caused by Subcontractor, in whole or in part.

(b) . . .

(c) If after a claim has been litigated to conclusion, either judicially or through arbitration, and it is determined that the injury, death, or damage was caused by the proportionate responsibility of Owner or Contractor, Owner or Contractor will assume responsibility for Owner's or Contractor's proportionate share of the damages for which is it comparatively responsible, excluding however, those damage amounts covered by insurance required pursuant to this Subcontract.

*Ins. Co.*, 664 F.3d 589, 595 (5th Cir. 2011)); *see also Mid–Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) (rejecting argument that party was not an additional insured because underlying contract was unenforceable). Additional insured "status depends, not on the enforceability of the 'insured contract' but instead on whether the named insured '*agreed to* assume the tort liability of another party.'" *Lyda*, 903 F.3d at 446 (quoting *Gilbane*, 664 F.3d at 595) (emphasis in original). PMI agreed to assume Knife River's tort liability and Phoenix offers no argument to the contrary. ECF No. 15-4 at 37.[5]

---

[5] The parties had not resolved the Henry Suit when they filed their motions. Therefore, the sole issue raised is whether Phoenix has a duty to defend Knife River from the Henry Suit; indemnity was not raised. Phoenix's argument that the subcontract violates the Texas Anti-Indemnity Act (the "Act") goes to coverage, not the duty to defend. Nonetheless, Phoenix's arguments on this point are misguided. First, neither provision requires PMI to indemnify Knife River against the consequences of Knife River's own negligence, which would violate the Act. *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 556 (Tex. 2022). The "in whole or in part" language in provision 12.1(a) simply clarifies that PMI's indemnity obligations for claims of negligence include situations where PMI is entirely or partially the cause of the injury. *See Colony Nat'l Ins. Co. v. United Fire & Cas. Co.*, No. 5:14CV10-JRG-CMC, 2016 WL 1253001, at *3 (E.D. Tex. Mar. 31, 2016), *aff'd*, 677 F. App'x 941 (5th Cir. 2017). Similarly, provision 12.1(c) clarifies PMI's indemnity obligations in situations where both PMI and Knife River are each apportioned fault. Phoenix's interpretation renders meaningless the provision that PMI's indemnity obligations are limited "to the extent caused by the negligent acts or omissions of [PMI]," Subcontract at 38, ECF No. 15-4. *Gilbert*, 327 S.W.3d at 126 (Courts must "examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless."). Second, even if provisions 12.1(a) and 12.1(c) did violate the Act, that would not void the indemnity and insurance sections of the subcontract in their entirety because those provisions would simply be ineffective to the extent the contract would require indemnitor/PMI to indemnify indemnitee/Knife River against Knife Rivers own negligence. *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 195–96 (Tex. 2022) (finding that indemnity provision violating the Texas Anti-Indemnity Act to be unenforceable but not striking the provision). Finally, provisions 12.1(a) and 12.1(c) are severable from the remainder of the subcontract because the main purpose of the subcontract was for PMI to perform roadway striping and related services on a section of Interstate Highway 45. Provisions 12.1(a) and 12.1(c) were merely incidental to that purpose. *See Armstrong v. Curves Int'l, Inc.*, No. 6:15-CV-294-RP, 2017 WL 894437, at *12 (W.D. Tex. Mar. 6, 2017) (finding main

Accordingly, Knife River is an additional insured under the policy.

### C. Phoenix Has A Duty To Defend Knife River Because Knife River Is An Additional Insured Under The Policy.

Phoenix also contends that, even if Knife River is an additional insured, Phoenix has no duty to defend it because the subcontract's indemnity provision does not contain a provision requiring a defense. ECF No. 15 at 19. Knife River responds that Phoenix's duty to defend is based on its obligations under the policy, not the subcontract. ECF No. 20 at 20. The Court agrees with Knife River.

In support of its position that it does not have a duty to defend Knife River, Phoenix relies on *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 301-303 (5th Cir. 1993). Phoenix contends that the indemnity provision in the subcontract does not obligate it to defend Knife River because its language "diverges from the one at issue in *McDaniel*." ECF No. 15 at 19. Specifically, Phoenix points to the subcontract not requiring indemnification for "'judgments recovered therefor, <u>and all expenses in defending said claims and suits</u>, including court costs, attorneys' fees and other expenses.'" *Id*. (quoting *McDaniel*, 987 F.2d at 302) (emphasis added by Phoenix).

This argument misses the mark. The duty to defend in *McDaniel* was derived

---

purpose of agreement was the release and illegal assignment of claims provision was severable); *Murex, LLC v. GRC Fuels, Inc.*, No. 3:15-CV-3789-B, 2016 WL 4207994, at *13 (N.D. Tex. Aug. 10, 2016) (finding main purpose of agreement was purchase of certain assets, concluding that challenged section was severable from the agreement). Thus, it appears that Phoenix's arguments are without merit in any event.

solely from the language in the parties' contract because it did not involve an insurance policy. *McDaniel*, 987 F.2d at 302. In contrast, there is an insurance policy here. As a result, Phoenix's duty to defend is derived from Knife River's status as an additional insured under the policy. *D.R. Horton-Texas*, 300 S.W.3d at 743. Phoenix's argument regarding the language in the subcontract is inapposite.

### D. The Henry Suit Triggered Phoenix's Duty To Defend.

Under Texas law, courts determine whether an insurer's duty to defend has been triggered by using the "eight corners" rule, meaning that "only two documents are ordinarily relevant to the determination of the duty to defend"—the complaint and insurance policy. *Bitco*, 31 F.4th at 329; *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009) (the "duty to defend is determined by the claims alleged in the petition and the coverage provided in the policy."). When determining whether each side has satisfied its burden, the Texas Supreme Court has instructed courts to "resolve all doubts regarding the duty to defend in favor of the duty . . . and [ ] construe the pleadings liberally." *State Farm Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020) (quoting *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008)).

Phoenix is obligated to provide Knife River a legal defense against "any lawsuit brought against [Knife River] that alleges and seeks damages for an event potentially covered by the policy." *D.R. Horton-Texas*, 300 S.W.3d at 743; *Ooida*

13

*Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009) ("If the underlying pleading alleges facts that may fall within the scope of coverage, the insurer has a duty to defend; if, on the other hand, the pleading only alleges facts excluded by the policy, there is no duty to defend."). The policy covers bodily injury, property damage, and personal injury "caused by acts or omissions of [PMI] . . . in the performance" of its work under the subcontract. Policy at 108, ECF No. 15-1.

The allegations in the Henry Suit easily satisfy this requirement. The Henry Suit alleges that the decedent's injury was caused in part by PMI's failure to "timely place a highway edge line on the subject roadway" and "to follow the plans and specifications of the prime contract, and its subcontract with KNIFE RIVER." Fifth Amended Petition ¶ 10, ECF No. 20-7. Therefore, the Henry Suit "alleges facts that may fall within the scope of" the policy's coverage and Phoenix has a duty to defend Knife River against such claims. *Ooida*, 579 F.3d at 472.

Accordingly, Phoenix has a duty to defend Knife River in the Henry Suit. Consequently, Phoenix's motion for summary judgment should be denied, Knife River's cross motion for partial summary judgment should be granted, and Knife River's motion for judgment on the pleadings should be denied as moot.

## CONCLUSION

Therefore, the Court **RECOMMENDS** that Phoenix's motion for summary judgment, ECF No. 15, be denied. The Court **FURTHER RECOMMENDS** that

Knife River's cross motion for partial summary judgment, ECF No. 20, be granted. The Court **FURTHER RECOMMENDS** that Knife River's motion for judgment on the pleadings, ECF No. 13, should be denied as moot.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on July 27, 2023, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**