United States District Court
Southern District of Texas
**ENTERED**
September 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02859 |
| | § | |
| KNIFE RIVER CORPORATION SOUTH, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Three motions are pending before the Court: Phoenix Insurance Company's ("Phoenix") motion for summary judgment, ECF No. 15, Defendant Knife River Corporation South's ("Knife River") cross motion for partial summary judgment, ECF No. 20, and Knife River's motion for judgment on the pleadings, ECF No. 13. The Court referred these motions to Magistrate Judge Dena Hanovice Palermo pursuant to 28 U.S.C. § 636(b)(1)(b). ECF No. 25. On July 27, 2023, Judge Palermo issued a Report and Recommendation (R&R) recommending (1) denying Phoenix's motion for summary judgment, (2) granting Knife River's cross motion for partial summary judgment, and (3) denying Knife River's motion for judgment on the pleadings as moot. ECF No. 33. For the reasons stated below, Phoenix's motion for summary judgment is **DENIED**, Knife River's motion for partial summary judgment is **GRANTED**, and Knife River's motion for judgment on the pleadings is **DENIED AS MOOT**.

I. BACKGROUND

Defendant Knife River was the general contractor on a highway construction project with the Texas Department of Transportation. ECF No. 33 at 3. On June 25, 2018, Knife River entered

1

into a subcontracting agreement ("Subcontract") with Pavement Marketing, Inc. ("PMI"), under which PMI would complete roadway striping necessary to the project. *Id.* The subcontract required PMI to obtain "Commercial General Liability insurance . . . covering all obligations or operations to be performed under this Subcontract" and required PMI to name Knife River "as an additional insured." ECF No. 15-4 at 8. The Subcontract also included an indemnity provision, which stated in pertinent part,

> "Subcontractor [PMI] shall release, indemnify, and hold harmless Owner and Contractor [Knife River] . . . for any and all property damage or personal injuries arising from Subcontractor's obligations under this Subcontract . . . but only to the extent caused by the negligent acts or omissions of Subcontractor or anyone directly or indirectly employed by Subcontractor or anyone for whose acts Subcontractor may be liable.
>
> * * *
>
> (a) It is the express intent of the Parties that Subcontractor's indemnity obligations shall include Claims based in negligence, whether caused or alleged to be caused by Subcontractor, in whole or in part.
>
> * * *
>
> (c) If . . . it is determined that the injury, death, or damage was caused by the proportionate responsibility of [Knife River], [Knife River] will assume responsibility for [Knife River's] proportionate share of the damages for which it is comparatively responsible, excluding however, those damage amounts covered by insurance required pursuant to this Subcontract."

*Id.* at 7.

In accordance with the Subcontract, PMI obtained an insurance policy from Phoenix ("Policy") which provided that "[a]ny person or organization that . . . [PMI] agree[s] in a written contract or agreement to include as an additional insured" is covered by the policy "with respect to liability for 'bodily injury' or 'property damage' . . . or for 'personal injury.'" ECF No. 15-1 at 44.

2

In 2019, Thomas Henry died in a car accident along a stretch of highway subject to the Subcontract. ECF No. 33 at 3. About one year later, Mr. Henry's heirs filed a negligence suit ("Henry suit") against Knife River alleging that decedent's injury was caused in part by a lack of proper road striping. *Id.* at 4, 14. When Knife River tendered the Henry suit to Phoenix pursuant to PMI's Policy, Phoenix asserted that Knife River was not an additional insured under the Policy because provisions of the Subcontract violated the Texas Anti-Indemnity Act ("TAIA"). *Id.* The TAIA renders certain indemnity and liability-shifting agreements in construction contracts void. *See Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 392 F. Supp. 3d 731, 739 (S.D. Tex. 2019).

Phoenix then filed the instant suit seeking a declaratory judgment that it owed no defense or indemnity to Knife River and a determination as to the rights and obligations of the parties under the policy. *Id.* Knife River moved for judgment on the pleadings, asking the court to confirm that Phoenix has a duty to defend Knife River in the Henry suit. ECF No. 13. Phoenix then moved for summary judgment, arguing that it has no duty to defend or to indemnify Knife River in the Henry suit. ECF No. 15. Knife River filed a cross motion for partial summary judgment, asserting that Phoenix does have a duty to defend. ECF No. 20.

The R&R concluded that Knife River was an "additional insured" under Phoenix's Policy with PMI and that the Henry suit triggered Phoenix's duty to defend. ECF No. 33 at 8–14. In so holding, Judge Palermo rejected Phoenix's argument that the Subcontract violated the Texas Anti-Indemnity Act ("TAIA") because (1) the TAIA does not apply to the duty to defend, and (2) even if it did, the Subcontract does not violate the TAIA. *Id.* at 11–12 n.5.

3

## II. LEGAL STANDARD

Where, as here, a party files timely objections to a proposed R&R, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

The Court disagrees with the contention that the TAIA does not apply to the duty to defend but agrees that the subcontract in this case does not violate the TAIA. *See Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 (Tex. App. Dec. 19, 2018) (explaining that the TAIA "expressly applies to both an obligation to indemnify and an obligation to defend."); *see also Knife River Corp. - S. v. Zurich Am. Ins. Co.*, No. 3:21-CV-1344-B, 2022 WL 686625, at *7–*9 (N.D. Tex. Mar. 8, 2022) (assessing whether insurance policy violated TAIA prior to conducting its duty to defend analysis). The Court further agrees that the Henry suit triggered Phoenix's duty to defend.

Liability contracts impose two "distinct and separate duties" upon an insurer: the duty to defend and the duty to indemnify. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (quoting *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004)). The duty to defend obligates an insurer to "defend the insured in a lawsuit that 'alleges and seeks damages for an event potentially covered by the policy.'" *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (quoting *D.R. Horton-Texas*, 300 S.W.3d at 743). Where, as here, the party seeking coverage is not the policyholder, Texas courts undertake a two-step analysis in assessing whether there is a duty to defend. First, they determine

4

whether the party was an additional insured under the policy. *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 445 (5th Cir. 2018). Second, if the party was an additional insured, courts determine whether the underlying lawsuit triggered the insurer's duty to defend. *Id.*; *see also ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840–41 (5th Cir. 2012).

The TAIA affects this analysis by prohibiting additional-insured coverage to the extent that the insurer is required "to provide coverage of a claim caused by the Additional Insured's 'negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of the indemnitee.'" *Maxim Crane Works*, 392 F.Supp.3d at 740 (citing Tex. Ins. Code §§ 151.102 and 104). Therefore, in this case, the TAIA prohibits additional-insured coverage to the extent that Phoenix may be required to defend Knife River in claims caused by Knife River's—as opposed to PMI's—alleged wrongdoing. *See Knife River Corp.*, 2022 WL 686625, at *8–*9; *see also Union Pac.*, 2018 WL 6624507, at *5.

However, the Court agrees with Judge Palermo's conclusion that the Subcontract in this case does not violate the TAIA. *See* ECF No. 33 at 11–12 n.5. The plain language of the Subcontract indicates that Phoenix is required to defend Knife River as an additional insured only where PMI is allegedly at fault, not where Knife River is at fault. *Id.* The Court also agrees with Judge Palermo's conclusion that the Henry suit triggered Phoenix's duty to defend. ECF No. 33 at 13–14. Because there is a duty to defend, the duty to indemnify cannot be resolved at the summary judgment stage. *See VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir. 2011) (quotation omitted) (explaining that an insurer's duty to indemnify may only be resolved at summary judgment when "the insurer has no duty to defend and the same reasons

that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify"). Knife River is therefore entitled to summary judgment.

## IV. CONCLUSION

Judge Palermo's R&R, ECF No. 33, is **ADOPTED** to the extent set forth above. Knife River's motion for partial summary judgment, ECF No. 20, is **GRANTED**, Phoenix's motion for summary judgment, ECF No. 15, is **DENIED**. Knife River's motion for judgment on the pleadings, ECF No. 13, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 11th day of September, 2023.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE